IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) Civil Action No. 4:10cv020 ) |
| v. | ) ) ) By: Hon. Michael F. Urbanski |
| LEXCORP, et al., | ) United States Magistrate Judge ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is a declaratory judgment action brought by Western World Insurance Co., Inc. ("Western World") against Lexcorp and Susan J. Rhudy, Limited Conservator of Linda A. Tenney, an incapacitated person. Western World seeks a declaration that it owes no duty to defend or to provide insurance coverage to Lexcorp with respect to an automobile accident that took place on April 3, 2008. Linda A. Tenney ("Tenney"), a resident in a group home operated by Claye Corp. in Ridgeway, Virginia, was injured while she was being transported in a vehicle operated by an employee of Lexcorp, a company in the business of patient transportation. On March 30, 2010, Tenney, by her conservator, Susan J. Rhudy, filed suit in Henry County Circuit Court against Claye Corp. and Lexcorp.

On May 21, 2010, Lexcorp filed a Petition for Declaratory Judgment in the Circuit Court of Henry County against Western World and Lockman & Associates, Inc. ("Lockman"), seeking a declaration that Western World was obligated to provide a defense and coverage to Lexcorp under a policy of insurance purchased by Lexcorp through Lockman, an insurance agency. The petition alleged in the alternative that "Lockman, through its errors and/or omissions, failed to

procure appropriate insurance coverage on behalf of LEXCORP." Pet. for Declaratory J. ¶ 15, attached as Ex. A to Western World's Notice of Removal, Dkt. # 1.

On the same day, Western World filed the instant competing declaratory judgment action in federal court. While Rhudy is a party to the federal declaratory judgment action, Lockman is not.

On June 8, 2010, Lexcorp filed a Motion to Realign Parties in its Henry County suit, requesting entry of an order realigning Lockman as a party plaintiff, instead of as a defendant. As grounds, Lexcorp asserted that this realignment would facilitate removal of this action to federal court[1] so that the two coverage declaratory judgment actions could be heard together in the interest of justice and to avoid inconsistent rulings.

On June 11, 2010, Western World filed a Notice of Removal removing the Lexcorp Henry County declaratory judgment action to federal court. This action is styled Civil Action No. 4:10cv00027. On July 2, 2010, Western World moved to consolidate the two declaratory judgment actions. In a Memorandum Opinion entered this date in case No. 4:10cv00027, the court determined that realignment of the parties was inappropriate under the circumstances. As a result, complete diversity does not exist, and the case must be remanded to state court. Given this remand, the court must decide the appropriate disposition of the instant federal declaratory judgment action filed by Western World.

Under the Declaratory Judgment Act, a district court in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as

---

[1] Without realignment, there is no diversity of citizenship, as Lockman and Lexcorp are both citizens of Virginia, and Western World is a citizen of New Hampshire.

'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co, 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc., 344 U.S. 237, 241 (1952)).

"[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). When a related state court proceeding is pending, however, "'considerations of federalism, efficiency, and comity'" should inform the district court's decision whether to exercise jurisdiction over a declaratory judgment action. See id. at 257 (quoting Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994)). As the Supreme Court stated in Wilton:

> [W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in "[g]ratuitous interference" if it permitted the federal declaratory action to proceed.

515 U.S. at 283 (internal citation omitted) (alteration in original) (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)).

To determine whether to proceed with a federal declaratory judgment action when a parallel state action is pending, the Fourth Circuit has identified four factors for guiding the analysis:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

3

United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493-94 (4th Cir. 1998) (quoting Nautilus Ins., 15 F.3d at 377) (the "Nautilus factors" [2]).

Applying the Nautilus factors to the instant case, Virginia has a strong interest in resolving state law insurance coverage issues, such as the one in this case, in its courts. The relevant state law is not problematic or difficult to apply, however, which weakens somewhat the state's interest in having these issues decided in state court. See Centennial, 88 F.3d at 258. As to the second Nautilus factor, there is no suggestion that the state court could resolve this coverage issue more efficiently, and with respect to the fourth factor, this case does not appear to involve mere procedural fencing or forum shopping.

While these factors cut both ways, consideration of the third Nautilus factor compels the conclusion that this case be dismissed without prejudice in favor of the state court action. The Fourth Circuit in Centennial Life Ins. Co. v. Poston relied on this third factor in upholding the district court's dismissal of a federal declaratory judgment action in favor of a pending state action. The facts of Centennial are remarkably similar to those in this case. A health insurance company brought a declaratory judgment action in federal court seeking a declaration that an insurance policy issued by it was void. The insureds, Barbara and Victor Poston, brought an action in state court seeking enforcement of the policy and asserting separate and alternative claims against the insurance agent. Considering the Nautilus factors, the district court dismissed the federal declaratory judgment action in favor of the state case. The Fourth Circuit affirmed. In so doing, it focused on the additional allegations in the state proceeding against the insurance agent:

---

[2] As the Fourth Circuit has noted, "[t]he section of Nautilus involving the appellate standards of review was overruled by the Supreme Court in Wilton v. Seven Falls Co., 515 U.S. 277 (1995). However, the factors articulated which guide the district court's exercise of discretion in a declaratory judgment action remain applicable." Minn. Lawyers Mut. Ins. Co. v. Antonelli, Terry, Stout & Kraus, LLP, 335 F. App'x 698, 699 n.1 (4th Cir. 2009); accord Va. Farm Bureau Mut. Ins. Co. v. Sutherland, No. 7:03cv00122, 2004 WL 356538, at *2 n.1 (W.D. Va. 2004).

4

> One factor, however, is particularly salient here: the state court action contains a defendant and a number of issues not present in the federal action. The Postons have asserted claims against Centennial insurance agent Jack Gottlieb, based on his representations about the insurance policy and an alleged negligent failure to procure the insurance requested. Thus, although issuance of a declaratory judgment would settle part of the controversy between the Postons and Centennial Life, it certainly would not settle the entire matter. The state litigation, on the other hand, could resolve all issues, and we note that significant discovery has already been undertaken in that action. Concern for efficiency and judicial economy clearly support the district court's decision.

Centennial, 88 F.3d at 258.

The same consideration applies in this case and provides a compelling reason why this action should be dismissed in favor of the state proceeding. Lexcorp contends that Western World is obligated under the policy of insurance issued to it and, in the alternative, that Lockman failed to procure appropriate insurance coverage for it. The allegations against Lockman cannot proceed in this court due to lack of diversity jurisdiction, and the only forum where the entire Lexcorp insurance dispute may be heard is in state court. As in Centennial, the insurance dispute in this case should proceed there.

Accordingly, an Order will be entered dismissing this action without prejudice in favor of the declaratory judgment action filed by Lexcorp, which is being remanded to the Circuit Court of Henry County by separate Memorandum Opinion and Order entered today in Civil Action No. 4:10cv00027.

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered: October 1, 2010.

/s/ Michael F. Urbanski

Michael F. Urbanski
United States Magistrate Judge